Opinion by
Willson, J.
§57. Distress warrant bond; reconvention for damages on; insufficient verdict. Elewellen, who was the landlord of Pace, brought this suit to recover rents and advances, and sued out a distress warrant, which was levied, etc. Pace pleaded in reconvention that the distress warrant had been 'illegally and unjustly sued out, and claimed damages, both actual and exemplary. The verdict of the jury was as follows: “We, the jury, find for plaintiff $162.20 for rents and supplies. We further find that the distress warrant was illegally sued out. We further find for the defendant Pace $300 as actual damages and $250 as vindictive damages.” Upon this verdict judgment was rendered in favor of Pace against Elewellen and the sureties upon his distress warrant bond for $387.74-, that being the amount in favor of Pace after deducting the amount found for Elewellen. Held, error. It is only when a distress warrant has been sued out illegally and unjustly that damages upon the bond can be recovered. Such is the condition of the bond. [R. S. art. 3113.] It is unlike the case of an attachment, where the condition of the bond is that the plaintiff will pay such damages as may be awarded against him for wrongfully suing out the attachment.’ [R. S. arts. 156-158.] If the jury had found that the writ was not only illegally, but was also *48 unjustly sued out, the plaintiff and the sureties upon his bond would be liable for actual, and perhaps for exemplary, damages. But, the verdict having only found that the writ was illegally issued, did not warrant the jury in awarding any damages upon the bond, nor the court in adjudging any such damages.
December 5, 1883.
lie versed and remanded.